**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Jury Demanded |
| | § | |
| AMAZON.COM, INC., | § | |
| BATH & BODY WORKS, LLC, | § | |
| BCBGMAXAZRIAGROUP INC., | § | |
| BUY.COM, INC., | § | |
| DICK'S SPORTING GOODS, INC., | § | |
| DSW, INC., | § | |
| DOLLAR TREE STORES, INC., | § | |
| GENERAL NUTRITION CENTERS, INC., | § | |
| GSI COMMERCE, INC., | § | |
| HASBRO, INC., | § | |
| THE J. JILL GROUP, INC. | § | |
| KATE SPADE, LLC, | § | |
| KENNETH COLE PRODUCTIONS, INC., | § | |
| MEIJER, INC., | § | |
| MENARD, INC., | § | |
| NEW YORK & COMPANY, | § | |
| PETSMART, INC., | § | |
| POLO RALPH LAUREN CORP., | § | |
| RALPH LAUREN MEDIA, LLC, | § | |
| RITE AID CORPORATION, | § | |
| THE SPORTS AUTHORITY, INC., | § | |
| SYMANTEC CORP., | § | |
| THE TALBOTS, INC., | § | |
| TARGET CORPORATION, | § | |
| TIGERDIRECT, INC., | § | |
| ZALE CORPORATION, and | § | |
| ZAPPOS.COM, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF SFA SYSTEMS, LLC'S COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

1

Plaintiff SFA Systems, LLC ("SFA") files this Complaint against AMAZON.COM, INC., BATH & BODY WORKS, LLC, BCBGMAXAZRIAGROUP INC., INC., BUY.COM, INC., DICK'S SPORTING GOODS, INC., DOLLAR TREE STORES, INC., DSW, INC., GENERAL NUTRITION CENTERS, INC., GSI COMMERCE, INC., HASBRO, INC., THE J. JILL GROUP, INC., KATE SPADE, LLC, KENNETH COLE PRODUCTIONS, INC., MEIJER, INC., MENARD, INC., NEW YORK & COMPANY, PETSMART, INC., POLO RALPH LAUREN CORPORATION, RALPH LAUREN MEDIA, LLC, RITE AID CORPORATION, THE SPORTS AUTHORITY, INC., SYMANTEC CORP., THE TALBOTS, INC., TARGET CORPORATION, TIGERDIRECT, INC., ZALE CORPORATION, and ZAPPOS.COM, INC., (collectively the "Defendants"), and alleges as follows.

## PARTIES

1.      SFA is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.      Upon information and belief, Defendant AMAZON.COM, INC. ("Amazon.com"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144. Amazon.com may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.      Upon information and belief, Defendant BATH & BODY WORKS, LLC ("BBW"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 7 Limited Parkway E, Reynoldsburg, Ohio 43065.  BBW may be served with process through its registered agent, CT Corporation,

350 N. Saint Paul St., Suite 2900, Dallas Texas 75201.

4.      Upon information and belief, Defendant BCBGMAXAZRIAGROUP INC. ("BCBG"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 2761 Fruitland Avenue, Vernon, California 90058. BCBG may be served with process through its registered agent, CT Corporation System, 818 W 7th Street, Los Angeles, California 90017.

5.      Upon information and belief, Defendant BUY.COM, INC. ("Buy.com"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 85 Enterprise, Aliso Viejo, California 92656.  Buy.com, may be served with process through its registered agent, Noel Grover, 85 Enterprise, Aliso Viejo, California 92656.

6.      Upon information and belief, Defendant DICK'S SPORTING GOODS, INC. ("Dick's"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 300 Industry Drive, RIDC Park West, Pittsburgh, Pennsylvania 15275.   Dick's may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th St., Suite 620, Austin, Texas 78701.

7.      Upon information and belief, Defendant DOLLAR TREE STORES, INC. ("Dollar Tree"), is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia 23320. Dollar Tree may be served with process through its registered agent, CT Corporation System 350 N. Saint Paul St., Dallas, Texas 75201.

8.     Upon information and belief, Defendant DSW, INC. ("DSW"), is corporation organized and existing under the laws of the State of Ohio corporation, with its principal place of business located at 4150 East 5th Avenue, Columbus, Ohio 43219.  DSW may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th St., Suite 620, Austin, Texas 78701.

9.     Upon information and belief, Defendant GENERAL NUTRITION CENTERS, INC. ("GNC"), is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.  GNC may be served with process through its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd, Suite 235, Houston, Texas 77062.

10.    Upon information and belief, Defendant GSI COMMERCE, INC. ("GSI"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 935 First Avenue, King of Prussia, Pennsylvania 19406.  GSI may be served with process through its registered agent, The Prentice Hall Corporation System, Inc., 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

11.    Upon information and belief, Defendant HASBRO, INC. ("Hasbro"), is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 200 Narragansett Park Drive C 918, Pawtucket, Rhode Island 02861. Hasbro may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

12.    Upon information and belief, Defendant THE J. JILL GROUP, INC. ("J.Jill"), is a corporation with its principal place of business located at 100 Birch Pond Drive Tilton, New Hampshire 03276.  J. Jill may be served with process at this address.

13.     Upon information and belief, Defendant KATE SPADE, LLC ("Kate Spade"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 48 W. 25th St., New York, New York 10010.  Kate Spade may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

14.     Upon information and belief, Defendant KENNETH COLE PRODUCTIONS, INC. ("Kenneth Cole"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 603 West 50th Street, New York, New York 10019.  Kenneth Cole may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

15.     Upon information and belief, Defendant MEIJER, INC. ("Meijer"), is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 2929 Walker Ave, NW, Grand Rapids, Michigan 49544.  Meijer may be served with process through its registered agent, The Corporation Company, 30600 Telegraph Rd, Suite 2345, Bingham Farms, Michigan 48025.

16.     Upon information and belief, Defendant MENARD, INC. ("Menard"), is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 3777 Menard Dr. Eau Claire, WI 54703.  Menard may be served with process through its registered agent, Prentice-Hall Corp Systems Inc., 380 Jackson St., Suite 700, Saint Paul, Minnesota  55101.

17.     Upon information and belief, Defendant NEW YORK & COMPANY ("NY&C"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 450 West 33rd Street, 5th Floor, New York, New York 10001.

NY&C may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

18.     Upon information and belief, Defendant PETSMART, INC. ("Petsmart"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 19601 North 27th Avenue, Phoenix, Arizona 85027.  Petsmart may be served with process through its registered agent, CT Corporation, 350 N. Saint Paul St., Suite 2900, Dallas Texas 75201.

19.     Upon information and belief, Defendant POLO RALPH LAUREN CORPORATION ("Polo"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 650 Madison Avenue, New York, New York 10022.  Polo may be served with process through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

20.     On information and belief, Defendant RALPH LAUREN MEDIA, LLC ("Ralph Lauren"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 650 Madison Avenue, New York, New York 10022.  Ralph Lauren may be served with process through its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

21.     Upon information and belief, Defendant RITE AID CORPORATION ("Rite Aid"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 30 Hunter Lane, Camp Hill, Pennsylvania.  Rite Aid may be served with process through its registered agent, CT Corporation System PA at 30 Hunter Lane, Camp Hill, Pennsylvania 17011.

22.     Upon information and belief, Defendant THE SPORTS AUTHORITY, INC.

("The Sports Authority"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1050 West Hampden Avenue, Englewood, Colorado 80110.   The Sports Authority may be served with process through its registered agent, The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

23.   Upon information and belief, SYMANTEC CORP. ("Symantec"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 350 Ellis Street, Mountain View, California. Symantec may be served with service of process through its registered agent, Corporation Service Co. d/b/a/ CSC–Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

24.   Upon information and belief, Defendant THE TALBOTS, INC. ("Talbots"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Talbots Drive, Hingham, MA 02043.   Talbots may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

25.   Upon information and belief, Defendant TARGET CORPORATION ("Target"), is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.   Target may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

26.   On information and belief, defendant TIGERDIRECT, INC. ("TigerDirect"), is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 7795 West Flagler St., Suite 35, Miami, Florida 33144.   Tiger Direct may

be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 1201 Hays St., Tallahassee, Florida 32301.

27.     Upon information and belief, Defendant ZALE CORPORATION ("Zales"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 901 W. Walnut Hill Lane, Irving, Texas 75038.  Zales may be served with process at this address.

28.     On information and belief, defendant ZAPPOS.COM, INC. ("Zappos"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 2280 Corporate Circle, Suite 100, Henderson, Nevada  89074. Zappos may be served with process through its registered agent CSC Services of Nevada, Inc., 2215B Renaissance Dr., Las Vegas, Nevada  89119.

## JURISDICTION AND VENUE

29.     This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

30.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

31.     Upon information and belief, each of the Defendants are subject to this Court's general and specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (3) has committed acts of infringement in the State of Texas as alleged below; and/or (4) is engaged in continuous and systematic activities in the State of Texas.

32.     Venue is proper in this district under 28 U.S.C.  §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this

district, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

33.     On May 23, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System," a true copy of which is attached as Exhibit A.

34.     SFA is the owner by assignment of the `525 and owns all right, title and interest in the '525 patent, including the right to sue for and recover all past, present and future damages for infringement of the '525 patents.

## INFRINGEMENT OF U.S. PATENT NO. 6,067,525

35.  Defendant Amazon.com has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of www.amazon.com and other web stores operated by it, such as by making personalized recommendations, engaging in personalized marketing activities, and providing personalized customer care, and using such systems and methods to enable users to find compatible products and to manage fulfillment of orders placed through the use of these web stores.  In addition, upon information and belief, Amazon.com, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of these accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

36.     Defendant BBW has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems

and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of www.bathandbodyworks.com, such as by making recommendations about products and engaging in personalized marketing activities, and providing order fulfillment and personalized customer care services in connection with the use of the web store.  In addition, upon information and belief, BBW, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

37.    Defendant BCBG has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the BCBG Max Azria and BCBGirls web stores, such as by making recommendations about products and engaging in personalized marketing activities, and by providing order fulfillment and personalized customer care services in connection with the use of the web stores.  In addition, upon information and belief, BCBG, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

38.    Defendant Buy.com been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the Buy.com web store such as by making recommendations about products and engaging in personalized

marketing activities in connection with the use of the web store.  In addition, upon information and belief, Buy.com, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

39.    Defendant Dick's has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by in the United States using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web stores it operates, such as by making personalized product recommendations, engaging in personalized marketing activities and providing order fulfillment and personalized customer care in connection with use of the web stores.  In addition, upon information and belief, Dick's, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

40.    Defendant Dollar Tree has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations, engaging in personalized marketing activities and providing order fulfillment in connection with use of the web store.  In addition, upon information and belief, Dollar Tree, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

41.     Defendant DSW has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web store.  In addition, upon information and belief, DSW, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

42.     Defendant GNC has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations, engaging in personalized marketing and providing order fulfillment and personalized customer care in connection with use of the web store.  In addition, upon information and belief, GNC, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

43.     Defendant GSI has been and now is directly infringing the `525 patent by making, using, selling and offering to sell in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including its GSI Commerce technology platform, e-Dialog technology and FetchBack technology, including GSI's personalization, order management, customer care, and electronic marketing technology

covered by one or more claims of the `525 patent.  GSI has indirectly infringed the `525 patent by inducing its customers and third party users of its software solutions to use and practice the computer implemented sales systems and methods covered by the claims of the `525 patent.

44.     Defendant Hasbro has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web store.  In addition, upon information and belief, Hasbro, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

45.     Defendant J. Jill has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the www.jjill.com web store it operates, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web store.  In addition, upon information and belief, Hasbro, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

46.     Defendant Kate Spade has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for

facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations, engaging in personalized marketing and providing order fulfillment and personalized customer care in connection with use of the web store.  In addition, upon information and belief, Kate Spade, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

47.     Defendant Kenneth Cole has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web store.  In addition, upon information and belief, Kenneth Cole, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

48.     Defendant Meijer has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web store.  In addition, upon information and belief, Meijer, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of

this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

49.     Defendant Menard has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web store.  In addition, upon information and belief, Menard, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

50.     Defendant NY&C has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations, engaging in personalized marketing and providing order fulfillment and personalized customer care in connection with use of the web store.  In addition, upon information and belief, NY&C, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

51.     Defendant Petsmart has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems

and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web store.  In addition, upon information and belief, Petsmart, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

52.     Defendants Polo and Ralph Lauren (collectively "Ralph Lauren") have been and now are directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations, engaging in personalized marketing and providing order fulfillment and personalized customer care in connection with use of the web store.   In addition, upon information and belief, Ralph Lauren, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

53.     Defendant Rite Aid has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web store.  In addition, upon information and belief, Rite Aid, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of

this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

54.     Defendant Sports Authority has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of its web store, such as by making personalized recommendations, engaging in personalized marketing and cross-channel merchandising activities, including the integration of its web store with in-store kiosks, and providing integrated order fulfillment in connection with use of the web stores. In addition, upon information and belief, Sports Authority, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

55.     Defendant Symantec has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates, such as by making personalized product recommendations, engaging in personalized marketing and providing order fulfillment and personalized customer care in connection with use of the web store.  In addition, upon information and belief, Symantec, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

56.     Defendant Talbots has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web stores it operates and has operated, including www.talbots.com and previously www.jjill.com, such as by making personalized product recommendations and engaging in personalized marketing in connection with use of the web stores.  In addition, upon information and belief, Talbots, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

57.     Defendant Target has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web stores it operates and has operated, including Target.com, MarshallFields.com and Mervyns.com, such as by making personalized product recommendations, engaging in personalized marketing and providing order fulfillment and personalized customer care in connection with use of the web stores.  In addition, upon information and belief, Target, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

58. Defendant TigerDirect has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using in the United States computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including

using such systems and methods for personalizing the online experience of users of its web store, such as by making personalized recommendations, engaging in personalized marketing activities, and providing personalized customer care, and using such systems and methods to enable users to find compatible products and to manage fulfillment of orders placed through the use of these web stores. In addition, upon information and belief, TigerDirect, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of these accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

59.     Defendant Zales has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web stores it operates, such as by making personalized recommendations, engaging in personalized marketing and cross-channel merchandising activities, including the integration of its web stores with in-store kiosks, and providing order fulfillment and personalized customer care in connection with use of the web stores. In addition, upon information and belief, Zales, with knowledge of the `525 patent, has induced and contributed to the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

60.     Defendant Zappos has been and now is directly infringing the `525 patent in violation of 35 U.S.C. § 271 by using computer implemented sales systems and methods for facilitating processes relating to the sale of products and services, including using such systems and methods for personalizing the online experience of users of the web store it operates and has operated, such as by making personalized product recommendations and engaging in

personalized marketing in connection with use of the web store.  In addition, upon information and belief, Zappos, with knowledge of the `525 patent, has induced the direct infringement of the `525 patent by users of this accused systems and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271.

61.     As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the `525 patent, SFA has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

62.     The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to SFA.

63. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and SFA is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, SFA requests entry of judgment that:

1.     Defendants have infringed the patents-in-suit;

2.     Defendants account for and pay to Plaintiffs all damages caused by their respective infringement of the patents-in-suit; and

3.     Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4.     The Court declare this an exceptional case and that Plaintiffs be granted their reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5.     Costs be awarded to Plaintiffs; and

6.    Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff SFA, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 31, 2011                    Respectfully submitted,

                                           **BUETHER JOE & CARPENTER, LLC**

                                    By:    */s/ Eric W. Buether*
                                           Eric W. Buether
                                           State Bar No. 03316880
                                           Eric.Buether@BJCIPLaw.com
                                           Christopher M. Joe
                                           State Bar No. 00787770
                                           Chris.Joe@BJCIPLaw.com
                                           Brian A. Carpenter
                                           State Bar No. 03840600
                                           Brian.Carpenter@BJCIPLaw.com

                                           1700 Pacific Avenue
                                           Suite 2390
                                           Dallas, Texas 75201
                                           Telephone: (214) 466-1271
                                           Facsimile: (214) 635-1827

Andrew Wesley Spangler
State Bar No. 24041960
Spanger Law PC
104 N. Houston St., Suite 135
Marshall, Texas  75670
903-935-3443
Fax 903-938-7843
spangler@spanglerlawpc.com

David M. Pridham
RI State Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
401-633-7247
Fax 401-633-7247
david@pridhamiplaw.com

**ATTORNEYS FOR PLAINTIFF
SFA SYSTEMS, LLC**