**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., et al.<br><br>        Defendants. | Case No. 6:11-cv-00052<br>Jury Trial Demanded |

**DEFENDANT DSW INC.'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant DSW Inc. ("DSW"), by its attorneys, hereby answers plaintiff's Complaint ("Complaint") as follows:

**ANSWER**

1. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies the same.

2. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, therefore, denies the same.

3. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, therefore, denies the same.

4. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and, therefore, denies the same.

5. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and, therefore, denies the same.

6. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and, therefore, denies the same.

7. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and, therefore, denies the same.

8. In response to paragraph 8 of the Complaint, DSW admits that it is an Ohio corporation that may be served in this judicial district through its registered agent as identified in the Complaint. DSW states, however, that its legal name is DSW Inc., and its current address is 810 DSW Drive, Columbus, Ohio 43219.

9. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, therefore, denies the same.

10. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, therefore, denies the same.

11. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, therefore, denies the same.

12. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, therefore, denies the same.

13. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, therefore, denies the same.

14. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, therefore, denies the same.

15. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, therefore, denies the same.

16. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and, therefore, denies the same.

17. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and, therefore, denies the same.

18. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and, therefore, denies the same.

19. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and, therefore, denies the same.

20. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, therefore, denies the same.

21. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, therefore, denies the same.

22. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and, therefore, denies the same.

23. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, therefore, denies the same.

24. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and, therefore, denies the same.

25. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, therefore, denies the same.

26. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, therefore, denies the same.

27. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, therefore, denies the same.

28. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and, therefore, denies the same.

29. In response to Paragraph 29 of the Complaint, DSW admits that the Complaint purports to state a claim for patent infringement under Title 35 of the United States Code, but denies that plaintiff has any such claim or that any such claim is justified.

30. DSW admits the allegations of Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, DSW admits that it is subject to personal jurisdiction in this Court. DSW denies the remaining allegations of Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, DSW admits venue is proper in this judicial district. DSW denies the remaining allegations of Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, DSW admits that United States Patent No. 6,067,525 ("the '525 patent") was issued on May 23, 2000, that it is entitled "Integrated Computerized Sales Force Automation System" and that a copy of the '525 patent is attached as Exhibit A to the Complaint. DSW denies the remaining allegations of Paragraph 33 of the Complaint.

34. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and, therefore, denies the same.

35. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and, therefore, denies the same.

36. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and, therefore, denies the same.

37. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and, therefore, denies the same.

38. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and, therefore, denies the same.

39. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and, therefore, denies the same.

40. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and, therefore, denies the same.

41. DSW denies the allegations of Paragraph 41 of the Complaint.

42. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and, therefore, denies the same.

43. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and, therefore, denies the same.

44. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and, therefore, denies the same.

45. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and, therefore, denies the same.

46. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and, therefore, denies the same.

47. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint and, therefore, denies the same.

48. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and, therefore, denies the same.

49. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and, therefore, denies the same.

50. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint and, therefore, denies the same.

51. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint and, therefore, denies the same.

52. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint and, therefore, denies the same.

53. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and, therefore, denies the same.

54. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and, therefore, denies the same.

55. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and, therefore, denies the same.

56. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and, therefore, denies the same.

57. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and, therefore, denies the same.

58. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and, therefore, denies the same.

59. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and, therefore, denies the same.

60. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and, therefore, denies the same.

61. To the extent the allegations of Paragraph 61 are directed to DSW, DSW denies the same. To the extent the allegations of Paragraph 61 are directed to defendants other than DSW, DSW lacks knowledge or information sufficient to form a belief as to the truth thereof and, therefore, denies the same.

62. DSW lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and, therefore, denies the same.

63. To the extent the allegations of Paragraph 63 are directed to DSW, DSW denies the same. To the extent the allegations of Paragraph 63 are directed to defendants other than DSW, DSW lacks knowledge or information sufficient to form a belief as to the truth thereof and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, DSW states:

### FIRST AFFIRMATIVE DEFENSE

64. Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the claims of the '525 patent are invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

### SECOND AFFIRMATIVE DEFENSE

65. DSW does not infringe, and has not infringed, the '525 patent, directly or indirectly, whether literally or under the doctrine of equivalents, or by contribution or inducement, and DSW is not liable for infringement thereof.

### THIRD AFFIRMATIVE DEFENSE

66. DSW is not liable for the acts alleged in the Complaint that may have arisen prior to DSW being put on actual notice of the present matter, and including through any allegations of specific intent or acts alleged to result in indirect infringement of any of the claims of the '525 patent.

### FOURTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred by the doctrine laches, waiver and acquiescence and/or general principles of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

68. Plaintiff has failed to state a claim for which relief may be granted.

### **COUNTERCLAIM**

69. Defendant/Counterclaim Plaintiff DSW Inc. ("DSW"), through its attorneys, hereby seeks a declaratory judgment of non-infringement of the '525 patent, invalidity of the '525 patent and unenforceability of the '525 under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

70. Jurisdiction of this Court over this Counterclaim is based upon 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and upon Rule 13 of the Federal Rules of Civil Procedure.

71. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1440(b), and Counterclaim Defendant SFA Systems, LLC ("SFA"), by virtue of having brought suit against DSW, has submitted itself to the jurisdiction of this Court.

72. SFA claims to be the assignee of the '525 patent and has brought suit against DSW herein for alleged infringement of the '525 patent.

73. DSW operates an Internet website having the URL of www.dsw.com, which SFA charges with infringing unspecified claims of the '525 patent.

74. SFA's commencement of the present action against DSW, an actual controversy has arisen pursuant to 28 U.S.C. § 2201 between SFA and DSW regarding the validity and alleged infringement of the claims of the '525 patent by DSW.

75. DSW has not infringed any of the claims of the '525 patent, either directly or indirectly, either literally or under the doctrine of equivalents, or in any other manner.

75. Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the claims of the '525 patent are invalid, null, and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35, U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

76. DSW has been injured and damaged by SFA's filing of the Complaint in the present action asserting patents that are invalid and not infringed.

## PRAYER FOR RELIEF

WHEREFORE, DSW Inc. prays:

A. Plaintiff SFA Systems, LLC's Complaint be dismissed with prejudice and that judgment be entered for DSW Inc.;

B. A judgment be entered declaring that the '525 patent is invalid, null and/or unenforceable;

C. A judgment be entered declaring that DSW Inc. has not infringed and is not infringing any of the claims of the '525 patent;

      D.      This case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling DSW Inc. to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded;

      E.      That the Court award DSW Inc. its costs in defending this action; and

      F.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

DSW Inc. hereby demands and requests trial by jury of all issues that are triable by jury.

DATE: April 4, 2011                        Respectfully submitted,

                                                  /s/ S. Calvin Capshaw
                                                  S. Calvin Capshaw
                                                  State Bar No. 03783900
                                                  Elizabeth L. DeRieux
                                                  State Bar No. 05770585
                                                  D. Jeffrey Rambin
                                                  State Bar No. 00791478
                                                  Capshaw DeRieux, LLP
                                                  114 E. Commerce Ave.
                                                  Gladewater, Texas 75647
                                                  Tel.:903-236-9800
                                                  Fax: 903-236-8787
                                                  ccapshaw@capshawlaw.com
                                                  ederieux@capshawlaw.com
                                                  jrambin@capshawlaw.com

                                                  ATTORNEYS FOR DEFENDANT DSW INC.

OF COUNSEL
Theodore R. Remaklus
Wood, Herron & Evans, L.L.P.
441 Vine Street
2700 Carew Tower
Cincinnati, Ohio 45202
Tel: (513) 241-2324
Fax: (513) 241-6234
E-mail: tremaklus@whepatent.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 4th day of April, 2011. Any other counsel of record will be served by facsimile transmission or first-class mail on this same date.

/s/ S. Calvin Capshaw