**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SFA SYSTEMS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 6:11-CV-052-LED** |
| **v.** | § | **(Consolidated Lead Case)** |
| | § | |
| **AMAZON.COM, INC., et al.,** | § | **JURY TRIAL** |
| | § | |
| **Defendants.** | § | |
| | § | |

**ORDER**

Before the Court is Amazon.com, Inc.'s Emergency Motion to Compel Plaintiff SFA Systems, LLC to Respond to Common Interrogatory No. 6 (Dkt. No. 393). Having considered the Motion, the Court **DENIES** Defendant's Motion to Compel **WITHOUT PREJUDICE** to reasserting, to the extent appropriate, once the parties have disclosed their expert reports.

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendant Amazon.com, Inc. ("Amazon") asks the Court to Compel Plaintiff SFA Systems, LLC ("SFA") to answer Defendants' Common Interrogatory No. 6:

> For each claim of the patents-in-suit, identify, on an element-by-element basis, the portion or portions of the specification that contains the written description of the alleged invention covered by the claim, and the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

SFA objected to this interrogatory on the following grounds: it seeks information in Defendants' possession; it seeks information protected by the attorney-client privilege and the work-product doctrine; and it prematurely seeks expert discovery.

Amazon's alleges that the asserted patents fail to meet the written-description requirement of 35 U.S.C. § 112 and are invalid. SFA denies this allegation. So, Amazon argues that SFA must respond to Interrogatory No. 6 because this interrogatory seeks the factual basis for SFA's denial. Amazon further argues that SFA must respond before the deadline for Amazon's expert report on invalidity issues. Otherwise, Amazon contends it will be forced to speculate as to the arguments and support in the specification that SFA might point to in its rebuttal expert report.

SFA responds that Amazon carries the burden of proving invalidity, including failure to meet the written-description requirement. Therefore, Amazon is not unfairly prejudiced by having to carry its initial burden of proof, even if it involves proving a negative. Further, SFA contends that Amazon has not produced sufficient evidence to shift the burden of production to the Plaintiff. SFA also argues that Amazon's real intention is to receive SFA's invalidity rebuttal contentions before providing its own expert report.

It is premature to compel SFA to provide a substantive response to Interrogatory No. 6. Defendant bears the burden of proving that the patents-in-suit are invalid for failure to meet the written-description requirement. *See Tech Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. __, 131 S. Ct. 2238, 2243 (2011) ("[T]he burden of proving invalidity [is] on the attacker. That burden is constant and never changes."); *Greenwood v. Hattori Seiko Co., Ltd.*, 900 F.2d 238, 241 (Fed. Cir. 1990) ("[O]ne attacking the validity of a patent must present clear and convincing evidence establishing the facts which lead to the legal conclusion that the patent is invalid.") Therefore, after Amazon has met its initial burden through its expert report, Plaintiff may rebut Amazon's position, but not vice versa. SFA states that it will provide the information Amazon seeks in its

expert reports and will supplement its response to Interrogatory No. 6 accordingly. Therefore, the

Court **DENIES** Defendant's Motion to Compel **WITHOUT PREJUDICE** to reasserting, to the

extent appropriate, once the parties have disclosed their expert reports.

     **So ORDERED and SIGNED this 11th day of April, 2013.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**