IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 6:11-CV-052-LED |
| v. | § | (Consolidated Lead Case) |
| | § | |
| AMAZON.COM, INC., et al., | § | JURY TRIAL |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Before the Court is Plaintiff SFA Systems, LLC's Motion for Leave to Amend and Supplement Plaintiff's Infringement Contentions to Amazon.com, Inc. (Dkt. No. 371) and Plaintiff SFA Systems, LLC's Motion to Compel Discovery by Amazon.com, Inc. (Dkt. No. 372). Having considered the Parties' arguments, the Court **GRANTS** Plaintiff's Motions.

## BACKGROUND

On February 1, 2011, Plaintiff SFA Systems, LLC ("SFA") filed suit against Amazon.com, Inc. ("Amazon") and twenty-six other defendants, alleging infringement of U.S. Patent No. 6,067,525 ("the '525 patent"). On August 1, 2011, SFA sued Amazon and twelve other defendants for infringement of U.S. Patent No. 7,941,341 ("the '341 patent"), a direct descendant of the '525 patent. The Court consolidated the two actions on joint motion of the parties. Dkt. No. 256.

On December 12, 2011, SFA served its Infringement Contentions. Dkt. No. 258. Plaintiff alleged, in part, that:

> Amazon.com is an automated sales system for facilitating a sale of an item or service by intelligently integrating into a single system tools used by a salesperson in a sales process, the automated sales system. "Amazon.com" refers to the system accessible by a

> web browser at http://www.amazon.com, and all related instrumentalities used to deliver web pages from that domain, including related web servers and database servers and their associated software."

Dkt. No. 371-3 at 1.

On February 16, 2012, SFA served its first set of interrogatories. After receiving Amazon's responses to its interrogatories, SFA requested, starting on April 2, 2012, that Amazon supplement its responses and produce documents relating to the Amazon Kindle device and the Amazon Mobile application. On September 24, 2012, after several meet and confers, Amazon ultimately confirmed that it was refusing to provide the specific discovery regarding the Amazon Kindle and mobile application because Plaintiff failed to provide notice with respect to those instrumentalities in its Infringement Contentions.

During discovery, SFA learned that Amazon sells and operates its e-commerce system on behalf of third parties, and Target Corporation specifically. Therefore, SFA requested that Amazon produce all documents regarding the products and services that Amazon provided to Target Corporation. Amazon offered a stipulation that during the relevant periods when Amazon operated the www.target.com website, both the www.target.com and www.amazon.com websites operated the same way as to the analogous accused features. However, Amazon did not produce the documents requested.

The Parties continued to meet and confer regarding SFA's contentions and ultimately agreed that SFA's Infringement Contentions included as accused instrumentalities the back-end systems that power the Amazon.com website. However, Amazon maintained that the Kindle device, the Amazon Mobile application, and services to third parties are not "accused products."

On October 19, 2012, to clarify that the accused system includes the Kindle device, the mobile application, and services to third parties, SFA offered amended infringement contentions that read, in relevant part:

> [t]he accused instrumentality is the Amazon.com system, which includes all associated back-end functionality that constitutes an automated sales system for facilitating a sale of an item or service by intelligently integrating into a single system tools used by a salesperson in a sales process, as well as the platforms such as the Amazon.com website, through which customers interact with said system. The accused Amazon.com system includes the http://www.amazon.com domain, whether accessed by a web browser or another device such as the Amazon Mobile application and/or by any Amazon Kindle or Kindle Fire product. It also includes the Amazon Mobile application and Kindle product line to the extent it interacts with the accused Amazon.com system directly without using a web browser. The accused system also includes all related instrumentalities used to deliver web pages and data transmissions in the Amazon.com system, including related web servers and database servers and their associated software. For example, the Amazon.com system includes numerous sub-stores, including the Kindle Store, Electronics & Computers and Books.

Dkt. No. 371-5 at 1. Amazon maintained its objections to including the Kindle device, the mobile application and the services to third parties. The Parties reached an impasse. SFA then filed the current Motion for Leave to Amend and Supplement Plaintiff's Infringement Contentions and Motion to Compel Discovery by Amazon.

## APPLICABLE LAW

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *see also Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007); *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, 2012 WL 1903903, at *1 (E.D. Tex. May 25, 2012). Patent Rule 3-1 requires a party asserting infringement to serve infringement contentions on each defending party. A plaintiff must "set forth specific theories of infringement at the outset of the case." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006). These "contentions must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement, [but] they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement."

3

*Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009).

Patent Rule 3-6 sets forth the procedures for amending infringement contentions. This rule provides that infringement contentions "shall be deemed to be . . . final contentions." Patent Rule 3-6(a). When a party seeks to amend or supplement its invalidity contentions, leave to amend is required and may be granted upon a showing of good cause. Patent Rule 3-6(b). The Court has broad discretion to allow amendments to infringement contentions and considers four factors in ruling on motions for leave to do so: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Global Sessions LP*, 2012 WL 1903903, at *2 (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003)).

## ANALYSIS

### *Motion for Leave to Supplement Plaintiff's Infringement Contentions*

Plaintiff seeks leave to amend its Invalidity Contentions to clarify that it accuses the Amazon.com systems that provide various merchant product recommendations to various end users, including users of the Kindle device, Amazon Mobile applications and users of third-party platforms. Dkt. No. 371 at 2. Plaintiff argues that it accuses Amazon's e-commerce system of infringing its patents by way of its recommendation features, without regard to what device or channel is used to reach Amazon's system. *Id.* at 1. Thus, Plaintiff contends that Amazon is attempting to impose a limited reading of the accused systems by limiting the accused instrumentalities to only the www.amazon.com website. *Id.* Plaintiff argues that as soon as it discovered Amazon's restrictive reading of its Infringement Contentions, it put Amazon on

notice that the Kindle and Amazon Mobile applications were part of the accused system and that it has diligently sought discovery from Amazon regarding those accused instrumentalities. *Id.* at 6. Plaintiff further argues that Amazon will not be unduly prejudiced by its proposed supplementation to clarify that those products are accused, as it has been on notice for many months that SFA accuses the products in conjunction with Amazon's e-commerce system. *Id.* at 9–11. Furthermore, Plaintiff points out that since discovery has not closed in the case, there is still time to accommodate the supplementation. *Id.* Finally, SFA requests that the Court compel Amazon to provide the requested discovery relating to the products at issue. Dkt. No. 372.

Amazon contends that after accusing only the website www.amazon.com in its Infringement Contentions, SFA now seeks to accuse multiple additional products without the requisite good cause. Dkt. No. 378 at 1. Amazon argues that SFA does not have the requisite good cause to supplement its Infringement Contentions because the information on the products its seeks to add was publicly available when its Infringement Contentions were due. *Id.* at 6. Further, Amazon argues that none of the products SFA seeks to add were named, charted, or mentioned in SFA's Infringement Contentions, therefore they were not accused as SFA claims. *Id.* at 1. Amazon also argues that it will be irreparably prejudiced if SFA is allowed to supplement its Infringement Contentions at this stage in the case because Amazon did not have the benefit of the amended contentions to formulate its claim-construction positions or prepare its invalidity contentions. *Id.* at 10. Furthermore, Amazon argues that permitting the amendment would require the addition of new defendants, as the Kindle is developed and offered by Amazon Digital Services, Inc.; the Mobile Applications are developed by AMZN Mobile LLC; the Webstore is operated by Amazon Services, LLC; and Amazon Web Services is operated by Amazon Web Services LLC, which are all subsidiaries of Amazon.com, Inc. and are not parties

to this action. *Id.* at 4–6, 11. Therefore, Amazon argues that a continuance would be necessary. *Id.* Amazon also argues that SFA's Motion to Compel should be denied because SFA failed to identify the products with sufficient specificity in its Infringement Contentions and, therefore, SFA is not entitled to discovery on unidentified and uncharted products. *Id.* at 12–13.

The Parties agree that SFA's original Infringement Contentions accused the product recommendations' back-end system that powers the Amazon.com website. Plaintiff's proposed amended Infringement Contentions accuse the same product-recommendation system, while specifying that the accused system may be accessed by different devices or channels.

The preparation and supplementation of infringement contentions is a matter of pleading and merely notifies a defendant of the asserted theories of infringement in order to provide adequate notice and streamline discovery. *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-cv-559, 2009 WL 81874, *3 (E.D. Tex. 2009). While infringement contentions must be reasonably precise and detailed to provide a defendant with adequate notice of the plaintiff's theories of infringement, they need not meet the level of detail required on a motion for summary judgment because infringement contentions are not meant to provide a forum for litigation of the substantive issues. *Linex Tech., Inc. v. Belkin Intern., Inc.*, 628 F. Supp. 2d 703, 2008 WL 4372708, *2 (E.D. Tex. 2008).

Here, Plaintiff's original Infringement Contentions provided Amazon with notice that Plaintiff accuses the product-recommendation system. Plaintiff's theory of infringement remains the same in its Amended Infringement Contentions. However, Plaintiff proposes the Amended Infringement Contentions to streamline discovery, since Amazon refuses to produce the requested documents because the Infringement Contentions do not explicitly name the Kindle device, the mobile application, and the web services to third parties. SFA has been diligent in

notifying Amazon that its theory of infringement was not limited to access by the website, but that the accused system also included access by other devices. Therefore, the prejudice to Amazon in allowing the amendments is minimal. Further, excluding allegations of infringement by the accused system when accessed by the Kindle device or the mobile applications would unnecessarily waste the Parties' and the Court's resources, as identical claims would need to be brought against the same accused system.

Accordingly, Plaintiff's request for leave to amend and supplement Plaintiff's Infringement Contentions is **GRANTED**. As Plaintiff's requested discovery involves the instrumentalities listed in Plaintiff's Amended Infringement Contentions, the Court also **GRANTS** Plaintiff's Motion to Compel Discovery by Amazon and **ORDERS** Amazon to supply the requested discovery by July 5, 2013.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Leave to Amend and Supplement Plaintiff's Infringement Contentions to Amazon.com, Inc. (Dkt. No. 371) and to Compel Discovery by Amazon.com, Inc. (Dkt. No. 372) are **GRANTED**.

So ORDERED and SIGNED this 19th day of June, 2013.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**